**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AMERICU MORTGAGE COMPANY,

      Plaintiff,

                                 Case No. 13-10275
v.                            HON. TERRENCE G. BERG

ENDURA FINANCIAL FEDERAL
CREDIT UNION,

      Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
JUDGMENT ON THE PLEADINGS (DKT. 16);
DENYING MOTION FOR PROTECTIVE ORDER (Dkt. 20); and
<u>GRANTING MOTION FOR LEAVE TO FILE COUNTERCLAIM (DKT. 21)</u>**

Plaintiff AmeriCU Mortgage Company ("AmeriCU") brings this action against Defendant Endura Financial Federal Credit Union ("Endura") to recover monies that AmeriCU paid to Fannie Mae in connection with a mortgage foreclosure. Presently before the Court are three motions: (1) Plaintiff's motion for judgment on the pleadings, (2) Defendant's motion for a protective order staying discovery, and (3) Defendant's motion for leave to file a counterclaim.

Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and because the determination of these motions is unlikely to be aided by oral argument, the Court will decide the motions based on the briefs. For the reasons that follow, Plaintiff's motion for judgment on the pleadings is DENIED. Defendant's motion for a protective order staying discovery is also DENIED. Finally, Defendant's motion for leave to file a counterclaim is GRANTED.

I.  BACKGROUND[1]

On or about March 24, 2005, Plaintiff AmeriCU and Defendant Endura entered into a contract entitled the AmeriCU Mortgage Company Credit Union Agreement (the "Agreement").  In the Agreement, Defendant Endura, a credit union, agreed to solicit prospective borrowers from its membership to enter into residential mortgage loans, and Plaintiff AmeriCU agreed to conduct the loan underwriting, and purchase and/or fund the loans it found acceptable.  Defendant Endura was responsible for the "origination" of the loans:  taking loan applications and obtaining borrower documentation, then Plaintiff AmeriCU would review the file and determine whether additional records and/or credit checks were necessary.  Plaintiff AmeriCU held ultimate decision making authority regarding whether to make a loan.[2]

On October 15, 2006, non-parties Steven Frazier ("Frazier") and Felecia Lockett ("Lockett") (collectively, the "Borrowers") completed a Uniform Residential Loan Application and submitted it to Defendant Endura for the purposes of securing a mortgage loan (the "Loan") secured by real property located at 1208 Vincent Avenue North, Minneapolis, Minnesota 55411 (the "Property").  In accordance with the Agreement, Defendant Endura performed origination services and Plaintiff AmeriCU allegedly conducted underwriting and approval.  All

---

[1] The facts summarized here are considered in the light most favorable to Defendant, *see Coyer v. HSBC Mort. Servs., Inc.*, 701 F.3d 1104, 1107-08 (6th Cir. 2012), but are not to be construed as findings of fact.

[2] The Agreement states that "Responsibility for closing and funding of a mortgage loan will be allocated by the parties from time to time."  Regarding the Loan in question, Defendant Endura is identified in the note as the "Lender," but the note and mortgage were immediately assigned to AmeriCU at closing, such that the Loan would not have closed without AmeriCU's consent and approval.

required documentation was obtained and submitted to Plaintiff AmeriCU, including a credit application.

Sometime after the initial credit check, on or around October 30, 2006, Frazier entered into a separate mortgage loan agreement (on a different property) whereby he incurred an additional debt. According to the facts currently before the court, Frazier did not provide the parties with notice of this transaction.

On December 15, 2006, Plaintiff AmeriCU alleges that the Borrowers submitted an updated Uniform Residential Loan Application; however, this application similarly failed to identify Mr. Frazier's recent mortgage loan. That same day, allegedly with Plaintiff's approval, loan # 275034 in the amount of $279,200 (the "Loan") closed. At closing, the Loan was transferred to Plaintiff. Plaintiff later sold the Loan to Fannie Mae.

After making more than two years of mortgage payments, the Borrowers eventually defaulted on the Loan. In September 2009, Fannie Mae initiated foreclosure by advertisement proceedings against the Borrowers, and on December 10, 2009, a foreclosure sale occurred. Fannie Mae acquired the property and subsequently sold it for less than the outstanding mortgage balance.

Approximately one year after foreclosure, on December 8, 2010, after Fannie Mae became aware of Mr. Frazier's undisclosed loan, Fannie Mae sought reimbursement from Plaintiff AmeriCU for the losses it incurred on the Loan. Fannie Mae and Plaintiff AmeriCU had a separate contract that Fannie Mae believed required AmeriCU to make Fannie Mae whole for the loss it incurred when

it sold the property for less than the outstanding mortgage balance. Plaintiff AmeriCU ultimately paid Fannie Mae approximately $131,000. Plaintiff AmeriCU now sues Defendant Endura seeking to be reimbursed for the amount tendered to Fannie Mae.[3]

## II.     DISCUSSION

### A.     Plaintiff's Motion for Judgment on the Pleadings

Plaintiff has moved for judgment on the pleadings with respect to its breach of contract claim, pursuant to Federal Rule of Civil Procedure 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. A motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Coyer v. HSBC Mort. Servs., Inc.*, 701 F.3d 1104, 1107-08 (6th Cir. 2012) (citation and internal quotation marks omitted).

Plaintiff's motion argues that judgment on the pleadings is appropriate because the Agreement between the parties required Defendant either to repurchase the loan at issue or indemnify Plaintiff for any damages arising from Defendant's conduct. Defendant's answer, however, raises multiple factual questions, including whether Defendant breached its "covenants, responsibilities,

---

[3] The parties dispute the exact nature of the pre-suit relief sought by Plaintiff and which provisions of the agreement may therefore govern the present dispute; i.e., whether Plaintiff requested that Defendant repurchase the loan, or sought indemnification or reimbursement of the amount paid to Fannie Mae. Regardless of how the demand is characterized, Plaintiff is seeking monetary damages under the terms of the Agreement between the parties.

4

representations or warranties under this Agreement," or whether Plaintiff's losses are "otherwise arising from or relating to any acts or omissions of [Defendant] or its employees or agents," a necessary condition precedent to the contractual requirement that Defendant indemnify Plaintiff. (Dkt. 1, Ex. 1, Agreement, ¶ 4.3).

Accordingly, Plaintiff is not entitled to judgment on the pleadings on its breach of contract claim.

## B. Defendant's Motion for a Protective Order Staying Discovery

Prior to filing a response to Plaintiff's motion for judgment on the pleadings, Defendant filed a motion for a protective order (Dkt. 20) temporarily staying discovery pending the resolution of Plaintiff's motion. The basis for Defendant's motion was essentially that a Plaintiff seeking judgment on the pleadings should not require discovery.

The parties subsequently informed the Court that no discovery was being taken during the pendency of Defendant's motion, functionally stipulating to a stay of discovery. For that reason, and because the motion for judgment on the pleadings has now been resolved, Defendant's motion for a protective order is DENIED AS MOOT.

## C. Defendant's Motion for Leave to File Counterclaim

On the same day that Defendant filed its motion for a protective order temporarily staying discovery, Defendant also filed a motion for leave to file a counterclaim (Dkt. 21). Defendant's motion is brought under Federal Rule of Civil Procedure 13(e) (authorizing the Court to allow a party to "file a supplemental

5

pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading").

Defendant's proposed counterclaim is for breach of contract by Plaintiff. Defendant alleges that Plaintiff engaged in the self-help withholding of amounts that Plaintiff was legally obligated to pay Defendant. Despite the filing of the current lawsuit, the parties initially endeavored to keep doing business under the Agreement; Defendant Endura continued to originate residential mortgage loans through its credit union members, and Plaintiff AmeriCU indicated that it would continue to underwrite and purchase or fund the loans, and timely pay Endura for its role in the process. However, Defendant Endura now alleges that Plaintiff AmeriCU had no intention of continuing the business relationship, but that rather than terminating the Agreement, Plaintiff AmeriCU instead chose to withhold payments due to Endura (for originating new loans) to offset the amount AmeriCU claims it is owed by Endura in this action. As alleged, this counterclaim "matured or was acquired by [Defendant Endura] after serving an earlier pleading." Fed. R. Civ. P. 13(e).

Given that the central issue in this case is whether Defendant is required to reimburse Plaintiff for amounts that Plaintiff paid to Fannie Mae, Defendant suggests that such withholding is an attempted end-run around this Court's resolution of Plaintiff's claim. In response, Plaintiff offers its position that the proposed counterclaim is futile and meritless, but it does not otherwise object to Defendant's motion.

6

The Court believes that allowing Defendant's after-acquired counterclaim to be filed in this action would (1) prevent a multiplicity of lawsuits and (2) further the interests of justice. Accordingly, Defendant's motion for leave to file a counterclaim is GRANTED; Defendant's proposed counterclaim (Dkt. 21, Ex. A) will be deemed filed as of this date.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings (Dkt. 16) is **DENIED**. Consequently, Defendant's motion for a protective order temporarily staying discovery (Dkt. 20) is **DENIED AS MOOT**.

Finally, Defendant's motion for leave to file a counterclaim (Dkt. 21) is **GRANTED**; said counterclaim will be deemed filed as of this date. In accordance with Federal Rule of Civil Procedure 12(a)(1)(B), Plaintiff will have 21 days to file its answer.

**SO ORDERED**.

Dated: October 24, 2013                                s/Terrence G. Berg
                                                      TERRENCE G. BERG
                                                      UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on October 24, 2013, using the CM/ECF system, which will send notification to all parties.

                                                      s/A. Chubb
                                                      Case Manager

7